THE STATE OF NEW JERSEY, PLAINTIFF, v. ANTHONY
LA ROCCA, DEFENDANT.

Middlesex County Court
Criminal Division

Decided January 31, 1962.

*Mr. Warren W. Wilentz* argued the motion for defendant (*Messrs. Wilentz, Goldman, Spitzer & Sills,* attorneys).

*Mr. John P. Kozak,* Assistant Prosecutor, argued against the motion (*Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney).

CONVERY, J. C. C. This is a motion "for an order allowing counsel to interview, examine or question any juror with respect to the verdict, on the ground that the jurors *may have been prejudiced in their deliberations* and because of this, the defendant was deprived of a fair and impartial trial." (Emphasis added)

The newly adopted rule *R. R.* 1:25A, "Limitations on Interviewing Jurors Subsequent To Trial," provides:

"No attorney shall himself or through any investigator or other person acting for him interview, examine or question any juror with respect to the verdict or deliberations of the jury in any action except on leave of court granted *upon good cause* shown." (Emphasis added.)

The defendant, Anthony La Rocca, was indicted for the act of indecent exposure in violation of *N. J. S.* 2A:115–1, and was convicted by a jury of said crime. A few months prior to said conviction, defendant was indicted and thereafter acquitted for a similar offense. The alleged facts of each of the alleged crimes were published in the local newspapers prior to and after both trials.

The defendant contends that "the sordid alleged facts of the alleged crimes received widespread notoriety via newspaper articles and provoked intense indignation so as to create a situation readily susceptible to bias and prejudice against said defendant."

There are no allegations submitted in behalf of the defendant to show that any "misconduct occurred in the jury

room of such a nature as to vitiate the verdict returned by the jury on the grounds of bias, passion, prejudice or mistake." *State v. Levitt*, 36 *N. J.* 266 (Dec. 1961).

As stated above, no evidence is offered in support of the allegations that the jury verdict was prejudiced by the taint of extraneous influence. I feel confident that no bias existed; defense counsel inquired of each juror as to whether or not the juror had read about Mr. La Rocca in the newspapers. The response was negative in the case of each one of the jurors, who sat on the case, with the exception of the forelady, who stated she read the articles, but the fact she read the articles would not in any way prejudice her.

The law is "always zealous to protect every accused from a [jury] verdict prejudiced by the taint of extraneous influence." *State v. Kociolek*, 20 *N. J.* 92, 96 (1955).

The trial judge cannot examine the thought processes of jurors in reaching their verdict. *State v. Kociolek, supra.*

A publication of facts concerning alleged crimes in itself is not sufficient reason to interview, examine or question any juror with respect to the verdict or deliberations of the jury. No good cause being shown, the motion is denied.